*958 This Wunderlich Act case comes before us on cross-motions for summary judgment. Plaintiff ("Globe”) seeks to overturn the determination of the Armed Services Board of Contract Appeals ("asbca” or "Board”) that plaintiff is not entitled to an equitable adjustment for conduit work allegedly beyond that required by the contract specifications and drawings. As we conclude that the asbca decision is neither fraudulent, capricious, arbitrary, so grossly erroneous as necessarily to imply bad faith, nor unsupported by substantial evidence, we affirm the Board’s decision and grant defendant’s motion for summary judgment. Plaintiffs petition is dismissed.
At issue is a contract for the rehabilitation of eight openbay Army barracks buildings at Fort Sill, Oklahoma. Plaintiff was awarded the lump sum contract (No. DACA 63-73-C-0123) on February 8, 1973, and commenced work one month later. During the course of plaintiffs performance a dispute first arose regarding the extent of television conduit which the contract required plaintiff to install, and shortly thereafter the dispute was expanded to encompass telephone and fire alarm conduit. Plaintiff asserted that the contract drawings and specifications were ambiguous regarding the extent of conduit to be installed in the remodeled barracks, and that its interpretation that the contract required only minimal conduit installation was reasonable and should control. Despite plaintiffs contentions, however, which were aired during various meetings with Government representatives in 1973-74, plaintiff installed television, fire alarm and telephone conduit in all eight buildings in accordance with the Government’s interpretation of the contract drawings and specifications.
With the project nearing completion, Globe filed a formal claim with the Contracting Officer for an equitable adjustment covering the television, fire alarm and telephone conduit allegedly installed in excess of the contract’s terms at the Government’s direction. This claim was denied by the Contracting Officer on June 18, 1976, and Globe then filed its timely appeal with the asbca. In a lenghty and detailed decision dated September 27,1978,[1] the asbca held *959 that Globe "failed to prove that it actually relied on its professed interpretations of conduit requirements either in submitting its bid or in performing the contract” and that "each separate aspect of appellant’s claim is without merit,” thus concluding that Globe was not entitled to an equitable adjustment under the contract. In response to the adverse decision of the asbca, Globe filed suit in this court seeking Wunderlich Act[2] review.
It is now firmly established that our scope of review in Wunderlich cases is limited to a determination of whether the Board’s decision is fraudulent, capricious, arbitrary, so erroneous as to imply bad faith, or unsupported by substantial evidence. United States v. Carlo Bianchi & Co., 373 U.S. 709, 714 (1963); Koppers Co., Inc. v. United States, 186 Ct. Cl. 142, 147, 405 F.2d 554, 557 (1968). Equally well established is the rule that the Board’s determination on a question of law is not binding on this court. Arundel Corp. v. United States, 207 Ct. Cl. 84, 97, 515 F.2d 1116, 1123 (1975) (citing Foster Constr. C.A. v. United States, 193 Ct. Cl. 587, 601, 435 F.2d 873, 880 (1970)).
The administrative record before us establishes that there were indeed inconsistencies between the contract drawings and specifications regarding conduit installation. The asbca itself found that "[t]he requirements for installing television and telephone conduit were certainly not crystal clear.” In its reply brief, plaintiff contends that "both the specifications and drawings must be read together,” and relying on the inconsistency between these two .elements of the contract, argues that its interpretation as to the extent of conduit required by the contract was reasonable. Citing WPC Enterprises, Inc. v. United States, 163 Ct. Cl. 1, 323 F.2d 874 (1963), plaintiff concludes that its reasonable interpretation of the contract (drawn by the Government) should apply, because it actually and reasonably relied on that interpretation during the course of bidding and performance.
Plaintiffs analysis is deficient in two respects. First, regarding the reasonableness of its interpretation, plaintiff fails to address the fact that a method for resolving *960 discrepancies between the contract’s drawings and specifications was set forth in the literal language of the contract. General Provision 2 (GP-2) of the contract states in part:
Anything mentioned in the specifications and not shown on the drawings, or shown on the drawings and not mentioned in the specifications, shall be of like effect as if shown or mentioned in both. In case of a difference between drawings and specifications, the specifications shall govern.
The reasonableness of plaintiffs contractual interpretation must be evaluated in light of all the terms of the contract, including GP-2. Hol-Gar Corp. v. United States, 169 Ct. Cl. 384, 395, 351 F.2d 972, 979 (1965). The following example is illustrative of plaintiffs failure to apply GP-2 in interpreting the contract, and explains the ASBCA’s conclusion that "[n]one of the interpretations propounded by appellant lies within the zone of reasonableness.”
As indicated by plaintiff, of the three types of conduit at issue, television conduit represents the greatest number of lineal feet of conduit in dispute. Plaintiff correctly points out that the contract specifications do not refer to television conduit. However, GP-2 requires an examination of the drawings accompanying the contract to determine the contract’s true meaning. Significantly, the asbca found that the installation of television conduit was depicted on "riser diagrams” (drawings) accompanying the specifications. We have examined this finding and conclude that it is supported by substantial evidence. The record indicates that plaintiff either ignored the riser diagrams completely or interpreted them selectively, in the latter instance disregarding lines on the diagrams not accompanied by a descriptive notation regarding conduit size. We consider plaintiffs contractual interpretation regarding television conduit unreasonable to the extent that it failed to consider fully the riser diagrams accompanying the specifications.
A second flaw in plaintiffs analysis, as applied to the claims regarding telephone and fire alarm conduit, is its failure to prove that it actually relied upon its interpretation during the course of bidding or performance. As we stated in Astro-Space Labs., Inc. v. United States, 200 Ct. Cl. *961 282, 296, 470 F.2d 1003, 1011 (1972), "[I]t is necessary for a contractor who is urging that a contract is ambiguous to show that it relied on its interpretation either in submitting its bid or in performing the contract.” Testimony in the record and a statement by plaintiffs own counsel indicate that claims for telephone and fire alarm conduit were added to that for television conduit for purposes of consistency of interpretation. Nearly all the telephone and fire alarm conduit work was complete by the time Globe first disputed the requirement for this work. Accordingly, the asbca’s determination that Globe did not actually rely on its professed interpretation either in submitting its bid or in performing the contract is supported by substantial evidence.
In summary, we find plaintiffs interpretation regarding installation of television conduit to be unreasonable in its failure to consider riser diagrams accompanying the contract’s specifications. We further find that Globe has not sustained its burden of proving that it actually relied upon its interpretation regarding telephone and fire alarm conduit at the time it submitted its bid or performed this work under the contract. Although plaintiff presented evidence to the Board which might support a contrary determination, on review of the entire record we are unable to conclude that the Board’s determination was fraudulent, capricious, arbitrary, in bad faith, or unsupported by substantial evidence. As we stated in Koppers Co., Inc. v. United States, 186 Ct. Cl. 142, 149, 405 F.2d 554, 558 (1968), "Where two equally reasonable but contrary inferences might be drawn from the record, and each could be sustained as supported by substantial evidence, the one adopted by the Board should be sustained.” All other arguments raised by Globe, although not directly addressed in this order, have been considered and found to be without merit.
Accordingly, it is therefore ordered, upon consideration of the parties’ submissions, without oral argument, that the decision by the ASBCA is affirmed. Plaintiffs motion for summary judgment is denied and defendant’s cross-motion for summary judgment is granted. Plaintiffs petition is dismissed.

 78-2 B.C.A. (CCH) ¶13,486 (1978).

 41 U.S.C. §§321, 322 (1976).